## THE E. W. SINCLAIR.

(District Court, S. D. Florida. July 11, 1924.)

No. 1829.

Aliens ☞58—Condition precedent to liability of vessel to penalty for unlawful landing of alien must be alleged.

Under Immigration Act 1917, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ee), making it a misdemeanor for the "owners, officers or agents" of a vessel to fail to prevent the landing of aliens other than as designated by the immigration officers, and further providing that, "if in the opinion of the Secretary of Labor it is impracticable or inconvenient" to prosecute the person guilty, a penalty of $1,000 shall be a lien on the vessel, such opinion of the Secretary is a condition precedent to a lien for the penalty and must be alleged in a libel in rem for its enforcement.

In Admiralty. Suit by the United States against the steamship E. W. Sinclair. On exceptions to libel. Exception sustained.

See, also, 1 F. (2d) 453.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey, Asst. U. S.

Atty., of Jacksonville, Fla., for the United States.

Kay, Adams & Ragland, of Jacksonville, Fla., for respondent.

CALL, District Judge. A libel was filed in rem by the government against the steamship, alleging that she had on board 10 Chinese persons not entitled to enter and reside in the United States. The libel then in 10 articles charges that on June 4, 1923, the master of the ship "failed to prevent the landing of such alien," naming one in each of said articles, "in the United States at a time and place other than designated by the immigration officers," giving the place of said landing. It then proceeds to allege that by reason of the foregoing allegations the master of the steamship became liable to a penalty of $1,000, and seeks the recovery of same from the steamship.

The Sinclair Navigation Company filed its claim, and in due time filed exceptions to the libel on various grounds, 13 in number. The fifth ground is that the allegations of the libel do not show that, in the opinion of the Secretary of Labor, it is impracticable or inconvenient to prosecute the master or person responsible for the violation of the statute. The proceeding is brought under the provisions of section 10 of the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ee), the part of which having reference to the question raised by the exception reads as follows:

"Sec. 10. That it shall be the duty of every person, including owners, officers, and agents of vessels or transportation lines * * * bringing an alien to * * * any sea port or land border port of the United States, to prevent the landing of such alien in the United States at any time or place other than as designated by the immigration officers, and the failure of any such person, owner, officer, or agent to comply with the foregoing requirements shall be deemed a misdemeanor and on conviction thereof shall be punished by a fine in each case of * * *; or, if in the opinion of the Secretary of Labor it is impracticable or inconvenient to prosecute the person, owner, master, officer, or agent of any such vessel, a penalty of $1,000 shall be a lien upon the vessel whose owner, master, officer, or agent violates the provisions of this section," etc.

The statute makes the failure of the person named in the libel a misdemeanor, and affixes the punishment for the conviction thereof of a fine or imprisonment, or both.

The penalty here sought to be recovered against the vessel is provided for after and in the event that the Secretary of Labor has reached the opinion that it is impracticable or inconvenient to prosecute the person responsible for such violation. The formation of this opinion seems a prerequisite before the penalty attaches as a lien on the ship; and on the principles of pleading, as I understand them, this action being to recover a penalty, it is necessary to show the lien has attached as provided by the statute, therefore said exception should be sustained.

This view is supported by rule 28a, of the Immigration Rules, adopted by the department, requiring notice in order that the department may intelligently exercise the opinion to be formed by the Secretary under section 10.

The questions raised by the other grounds of exception are not decided.